JUDITH A. PHILIPS
Acting United States Attorney
District of Hawaii

SYDNEY SPECTOR #11232
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
Email: sydney.spector@usdoj.gov

Attorneys for Federal Defendants
LEALAIALOA FRITZ MICHAEL KRUSE,
Chief Justice of American Samoa, and
DEBRA ANNE HAALAND,
Secretary of the Interior

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEVEN JAY PINCUS HUETER, et al., | CIVIL NO. 21-00226 JMS-KJM |
| Plaintiff, | FEDERAL DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT [ECF NO. 14] AND OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER [ECF NO. 17] |
| vs. | |
| LEALAIALOA FRITZ MICHAEL KRUSE, CHIEF JUSTICE OF AMERICAN SAMOA, et al., | |
| Defendants. | |

# **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES .................................................................... i

I.  INTRODUCTION .......................................................................1

II. BACKGROUND ........................................................................2

    A.  Judicial System of American Samoa.................................................2

    B.  Relevant Proceedings in the High Court of American Samoa..............4

    C.  The Amended Complaint .......................................................8

    D.  The Motion for TRO ...........................................................9

III. STANDARDS OF REVIEW FOR DISMISSAL ..........................................10

    A.  Dismissal Pursuant to Rule 12(b)(1)....................................10

    B.  Dismissal Pursuant to Rule 12(b)(2)....................................10

    C.  Dismissal Pursuant to Rule 12(b)(6)....................................11

IV. ARGUMENT..................................................................12

    A.  Plaintiffs' Amended Complaint Should Be Dismissed......................12

        1.  Plaintiffs Lack Standing.........................................12

        2.  This Court Lacks Personal Jurisdiction Over Justice Kruse.....14

        3.  Abstention is Proper.............................................15

        4.  Plaintiffs Fail to State a Claim for Which Relief Can Be Granted...........................................................17

            a.  Plaintiffs' Section 1983 claim fails. ...............17

            b.  Plaintiffs' claim for violation of the ABA Judicial Code of Conduct fails............................................20

c. Plaintiffs fail to state a claim under 28 U.S.C. § 351.....21

d. Plaintiffs' Endangered Species Act claim fails. .............22

e. *King v. Morton* does not provide a basis for Plaintiffs' claims against the Secretary. ..........................................23

B. Plaintiffs' Motion for TRO Should Be Denied...................................24

V. CONCLUSION...................................................................................................25

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*All. For The Wild Rockies v. Cottrell,*
  632 F.3d 1127 (9th Cir. 2011) ............................................................24

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ................................................................. 11, 12

*Barlow v. Tauese Va'aomala Sunia,*
  Civ. No. 18-00423, 2019 WL 5929736 (D. Haw. Nov. 12, 2019) .............. 3, 4, 15

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) .............................................................11

*Bianchi v. Rylaarsdam,*
  334 F.3d 895 (9th Cir. 2003) ................................................17

*Chavez v. United States,*
  683 F.3d 1102 (9th Cir. 2012) .............................................12

*Church of Scientology Int'l v. Kolts,*
  846 F. Supp. 873 (C.D. Cal. 1994) .......................................20

*Colo. River Water Conserv. Dist. v. United States,*
  424 U.S. 800 (1976) ............................................................17

*Corp. of Presiding Bishop of the Church of Jesus Christ of the Latter-Day Saints v.*
  *Hodel,* 830 F.2d 374 (D.C. Cir. 1987) ..................................................3

*Davies v. Doi,*
  CV. NO. 08-00548 DAE-LEK, 2009 WL 1561579 (D. Haw. June 2, 2009) .......16

*Diamond S.J. Enter. v. City of San Jose,*
  No. 18-CV-01353-LHK, 2018 WL 5619746 (N.D. Cal. Oct. 29, 2018)...............10

*Han v. Cho,*
  804 F. App'x 864 (9th Cir. 2020).........................................................14

**Cases**                                                                      **Page(s)**

*Han v. Yangrai Cho,*
  No. CV 18-00277 HG-KJM, 2019 WL 1300070 (D. Haw. Mar. 21, 2019) ........14

*Hill v. Hawks,*
  Civ. A. No. 12-364, 2012 WL 12905803 (E.D. Va. Aug. 30, 2012), *aff'd*, 515 F.
  App'x 234 (4th Cir. 2013) ....................................................................................21

*Int'l Shoe Co. v. Wash.,*
  326 U.S. 310 (1945) ...........................................................................................14

*Karuk Tribe of Cal. v. U.S. Forest Serv.,*
  681 F.3d 1006 (9th Cir. 2012) .............................................................................23

*King v. Morton,*
  520 F.2d 1140 (D.C. Cir. 1975) ............................................................. 2, 4, 23, 24

*Klamath-Siskiyou Wildlands Ctr. v. MacWhorter,*
  797 F.3d 645 (9th Cir. 2015) ...............................................................................22

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
  511 U.S. 375 (1994) ...........................................................................................10

*Lachapelle v. City of El Cajon,*
  142 F.3d 444 (9th Cir. 1998) ...............................................................................20

*Leite v. Crane Co.,*
  749 F.3d 1117 (9th Cir. 2014) .............................................................................10

*Lujan v. Defs. of Wildlife,*
  504 U.S. 555 (1992) ..................................................................................... 12, 13

*Lyndon v. United States,*
  Civil No. 20-00034 JMS-RT, 2020 WL 3405530 (D. Haw. June 19, 2020) ........19

*Lyons v. Pac. Cnty. Clerk,*
  Case N. C19-5059RBL, 2019 WL 1620407 (W.D. Wash. Apr. 16, 2019), *aff'd*,
  804 F. App'x 824 (9th Cir. 2020) .........................................................................17

*Majhor v. Kempthorne,*
  518 F. Supp. 2d 221 (D.D.C. 2007) ............................................................... 3, 18

ii

**<u>Cases</u>**                                                                            **<u>Page(s)</u>**

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
  647 F.3d 1218 (9th Cir. 2011) ................................................................11

*Meaamaile v. Am. Sam.*,
  550 F. Supp. 1227 (D. Haw. 1982) .........................................................21

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
  521 F.3d 1097 (9th Cir. 2008) ................................................................11

*Ministerio Roca Solida v. McKelvey*,
  820 F.3d 1090 (9th Cir. 2016) ..................................................................8

*Olsen v. Idaho State Bd. of Med.*,
  363 F.3d 916 (9th Cir. 2004) ..................................................................19

*Paige v. Pulse Bev. Corp.*,
  No. CV 16-00090 ACK-RLP, 2017 WL 11139681 (D. Haw. Nov. 9, 2017) .......11

*Ponton v. U.S. Ct. of Appeals*,
  No. CIV. 10-2213-JBS, 2011 WL 1045035 (E.D. Pa. Mar. 22, 2011) ................22

*Safe Air For Everyone v. Meyer*,
  373 F.3d 1035 (9th Cir. 2004) ................................................................10

*Salmon Spawning & Recovery All. v. Ahern*,
  No. C05-1878Z, 2010 WL 890047 (W.D. Wash. Mar. 9, 2010).........................23

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of
  San Jose*, 546 F.3d 1087 (9th Cir. 2008)..............................................16

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ....................................................... 14, 15

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ..................................................................12

*Sw. Ctr. for Biological Diversity v. U.S. Bureau of Reclamation*,
  143 F.3d 515 (9th Cir. 1998) ..................................................................22

*Winter v. NRDC, Inc.*,
  555 U.S. 7 (2008).........................................................................24

iii

**Cases** **Page(s)**

*Yellen v. Hara*,
  No. CIV. 15-00300 JMS, 2015 WL 4877805 (D. Haw. Aug. 13, 2015).. 19, 24, 25

**Statutes**

16 U.S.C. §§ 1531-1544 ................................................................ 17, 22, 23

28 U.S.C. §§ 351-364 ..................................................................... 9, 17, 21, 22

28 U.S.C. §§ 81-144 ............................................................................3

42 U.S.C. § 1983 .................................................................... passim

48 U.S.C. § 1661 ..................................................................................2

48 U.S.C. § 1705 ..................................................................................7

A.S.C.A. § 43.0302 .................................................................... 5, 25

A.S.C.A. § 3.0207(a) ............................................................................3

A.S.C.A. § 3.0208(b)(2) ........................................................................5

A.S.C.A. § 3.0208(c) .................................................................... 3, 19

A.S.C.A. § 3.1001(b) ............................................................................3

A.S.C.A. § 43.0804 ..............................................................................4

A.S.C.A. §§ 4.0303-4.0304 ..................................................................5

Am. Samoa Const. Art. III § 1 ............................................................3

Haw. Rev. Stat. § 634-65 ...................................................................15

U.S. Const. art. III .............................................................................12

U.S. Const. art. IV, § 3, cl. 2 ...................................................... 2, 20

**Rules and Regulations**

28 C.F.R. § 50.15 .................................................................................1

50 C.F.R. § 402.02 ........................................................................................23

Fed. R. Civ. P. 12(b)(1)...............................................................................10

Fed. R. Civ. P. 12(b)(2)...............................................................................11

Fed. R. Civ. P. 12(b)(6)......................................................................... 11, 21

**FEDERAL DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT [ECF NO. 14] AND OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER [ECF NO. 17]**

## I.   INTRODUCTION

Plaintiffs, residents of American Samoa, bring this action against the Secretary of the Interior (the "Secretary"), and F. Michael Kruse, Chief Justice of American Samoa[1] ("Justice Kruse," and together, the "Federal Defendants")[2], as well as James McGuire ("Defendant McGuire").  Plaintiffs' claims arise from, and/or relate to matters pending in the High Court of American Samoa (the "High Court") before Justice Kruse.  The matters concern land rights to, and clean-up of, an area known as Alega or the private Alega Marine Protected Area ("Alega").  Plaintiffs allege that Justice Kruse engaged in an *ex parte* communication with Defendant McGuire, and subsequently issued an interlocutory order that somehow interferes with the clean-up of Alega.

In this Court, Plaintiffs seek a declaration granting Plaintiffs Chief Faamuli

---

[1] Justice Kruse is an employee of the U.S. Department of the Interior, although he solely acts in a territorial capacity as the Chief Justice of American Samoa.

[2] Although the Amended Complaint purports to allege claims against the Secretary and Justice Kruse "as individuals" in addition to their "official capacity", Plaintiffs do not identify any basis for an individual capacity claim as to the Secretary. Further, the injunctive relief sought relates to the Federal Defendants' official capacities.  To the extent Plaintiffs allege individual capacity claims, however, the Secretary and Justice Kruse are currently in the process of requesting individual capacity representation by the Department of Justice, pursuant to 28 C.F.R. § 50.15.  Although a representation decision has not yet been made, this brief includes some argument regarding individual capacity claims.

1

Pete Faamuli and Rosalia Tisa Faamuli (the "Faamuli Plaintiffs") rights to administer Alega; an injunction preventing Justice Kruse from "interfering" with the cleanup of Alega; and monetary damages.  Plaintiffs filed a Motion for Temporary Restraining Order ("Motion for TRO"), seeking the aforementioned declaratory and injunctive relief.

Plaintiffs' Motion for TRO should be denied and the Amended Complaint dismissed.  Plaintiffs' claims suffer from multiple jurisdictional deficiencies, in addition to a failure to state claim.  Further, even if jurisdiction was proper – which it is not – abstention is proper, as this action is a collateral attack on issues pending before the High Court.

## II.    BACKGROUND

### A. Judicial System of American Samoa

American Samoa is an unincorporated territory of the United States.[3]  *See* 48 U.S.C. § 1661.  Congress has plenary power over American territories.  U.S. Const. art. IV, § 3, cl. 2.  Congress has provided that "all civil, judicial, and military powers [in American Samoa] shall be vested in such person or persons and shall be exercised in such manner as the President of the United States shall

---

[3] Unincorporated territories are not intended for statehood and "only fundamental [United States] constitutional rights apply[.]"  *King v. Morton*, 520 F.2d 1140, 1146 (D.C. Cir. 1975).

direct." *Corp. of Presiding Bishop of the Church of Jesus Christ of the Latter-Day Saints v. Hodel*, 830 F.2d 374, 376 (D.C. Cir. 1987).

By Executive Order, authority over American Samoa and responsibility for administering its government is vested with the Secretary. *See* Exec. Order No. 10,264 (June 29, 1951). Exercising the authority delegated to him, the Secretary approved the revised Constitution of American Samoa, which – in relevant part – created the judicial branch, consisting of a High Court, District Courts, and "such other courts as may from time to time be created by law."[4] Am. Samoa Const. at Art. III § 1. The Secretary appoints the Chief Justice of American Samoa and the Associate Justices of the High Court, *id.* at Art. III § 3, and may remove them for cause. Am. Samoa Code ("A.S.C.A.") § 3.1001(b).[5]

The High Court is divided into a Trial Division, a Land and Titles Division, and an Appellate Division. A.S.C.A. § 3.0207(a). The Appellate Division has jurisdiction to review, on appeal, final decisions of the Trial Division and Land and Titles Division of the High Court. A.S.C.A § 3.0208(c). Thus, if a party is

---

[4] The High Court is considered a "territorial court" under Article IV of the United States Constitution. *See Majhor v. Kempthorne*, 518 F. Supp. 2d 221, 229 (D.D.C. 2007). American Samoa does not have a federal district court and is not part of the District of Hawaii. *Barlow v. Tauese Va'aomala Sunia*, Civil No. 18-00423-JAO-KJM, 2019 WL 5929736, at *1–2 (D. Haw. Nov. 12, 2019) (citing 28 U.S.C. §§ 81-144).

[5] Title 3 of the A.S.C.A. is attached hereto as Exhibit "A" to the Declaration of Sydney Spector ("Spector Decl.").

unsatisfied with a final ruling in the Land and Titles Division, that decision can be appealed to the Appellate Division of the High Court.

If dissatisfied with a ruling of the Samoan Judiciary, A.S.C.A. § 43.0804 implies that the Secretary has the right to reverse decisions.  However, the Secretary has never overruled a decision by the Samoan Judiciary.  Additionally, the United States District Court for the District of Columbia has held that it "is competent to judge the Secretary's administration of the government of American Samoa *by constitutional standards* and, if necessary, to order the Secretary to take appropriate measures to correct any *constitutional* deficiencies."  *King*, 520 F.2d at 1144 (emphasis added); *see also Barlow*, 2019 WL 5929736, at *2.

## B. Relevant Proceedings in the High Court of American Samoa

In September 2020, Bluesky Communications ("Bluesky"), a telecommunications carrier, filed suit in the High Court, Land and Titles Division, against Tisa Faamuli, Michael Kirk aka "Candyman", Faamuli Pete Faamuli, and Alega Preservation Institute, seeking an injunction preventing the defendants from interfering with, or damaging, Bluesky's fiber optic cables in the village of Alega.[6] *See* HCLT #28-2020, Complaint, Exhibit "B" to Spector Decl.

On November 12, 2020, the court issued an Order denying Bluesky's

---

[6] Plaintiff Steven Jay Pincus Heuter ("Plaintiff Heuter") is not a party to HCLT #28-2020.

4

Motion for Preliminary Injunction.  Exhibit "C" to Spector Decl."  In relevant part, the court held:

> This is a controversy relating to land.  Therefore, this Court has exclusive subject matter jurisdiction pursuant to A.S.C.A. § 3.0208(b)(2). . . . There is, however, contention among the parties as to whether the subject matter land is 'communal' or 'individually-owned.'  If it is communal, then the pre-trial proceedings before the Office of Samoan Affairs ('OSA'), as mandated by A.S.C.A § 43.0302, is a prerequisite to our assertion of jurisdiction at trial on the merits. . . . However, for the purposes of interlocutory injunctive relief, OSA proceedings are not required.  A.S.C.A. § 43.0302(b); *see also* A.S.C.A. §§ 4.0303-4.0304. . . .

*Id.* at 3.  The court subsequently discussed the controversy as to the communal nature of the land at issue, and held that the court lacked jurisdiction until a certificate of irreconcilable dispute ("CID") was issued by the Secretary of Samoan Affairs under A.S.C.A. § 43.0202 and filed with the clerk of court.  *Id.* at 6.  Further, the court awarded interim relief in favor of defendants, enjoining Bluesky from "failing, to remove all its wiring-related detritus and decaying poles left lying on and around the Alega coastline and beach area."  *Id.* at 11-12.

On March 3, 2021, Bluesky[7] moved to vacate or amend the November 12, 2020 Order.  Ex. "D" to Spector Decl.  Bluesky claimed that the defendants (two

---

[7] In the filings after the November 12, 2020 order, the plaintiff is identified as AST Telecom LLC dba Bluesky Communications.

5

of which are Plaintiffs in this matter) were obstructing its ability to remove the detritus.  Bluesky thus requested an order enjoining the defendants from interfering with Bluesky's removal of its cables and equipment.  *Id.*

On March 31, 2021, the court held a hearing on Bluesky's motion to vacate or amend the November 12, 2020 order.  Spector Decl. Ex. "E".  The minutes for the hearing state: "In anticipation of judicial economy w/ the need to go to Samoan Affairs I'm going to join the Gov't in this lawsuit because in companion lawsuit filed in CA division it references 'beach damages.'[8]  I want also Gov't involved to give input on what the road easement means as well. . . . No remedy at this point and time, we need all necessary parties before us."  Spector Decl. Ex. "E".

On April 6, 2021, the Court issued an Order placing the American Samoan Government ("ASG") on notice of the action and ordering the parties to cease from making further filings on the merits.  Ex. "H" to Spector Decl.  The court held that the defendants (two of which are Plaintiffs in the instant action) alleged that

---

[8] It is unclear which companion case the court was referring to.  HCCA #07-2021, filed on February 18, 2021 by Faamuli Pete Faamuli, Steven Hueter, and others against the American Samoan Government and others, alleges violation of pollution laws.  *See* Ex. "F" to Spector Decl.  HCCA #03-2021, filed on January 22, 2021, was brought by the Faamuli Plaintiffs, Michael Kirk aka "Candyman", and others against AST Telecom LLC and others, seeking that defendants stop corporate pollution of Alega.  *See* Ex. "G" to Spector Decl.  The latter case is currently stayed for the same reason as HCLT #28-2020: the Faamulis' allegation that Alega is communal land requires OSA involvement to mediate the resolution and a CID before the High Court may exert jurisdictional authority.

Bluesky engaged in corporate pollution in certain areas permanently or periodically covered by tidal waters up to the line of high tide in Alega.  Thus, 48 U.S.C. § 1705 was implicated, and ASG was therefore a necessary party.  Further, the court repeated its holding that a CID from the OSA was required before the court could exercise jurisdiction of the matter.  *Id.*  There is no final decision of the Land and Titles Division.  Although there is no decision specifically ordering clean-up, there also does not appear to be a decision preventing clean-up of Alega.

Plaintiffs allege that an improper *ex parte* communication occurred between Justice Kruse and Defendant McGuire at the March 31, 2021 hearing in HCLT #28-2020, and submit one page of the transcript from the hearing as support.  *See* ECF No. 17-6 at 5 (PageID #: 462).  However, the transcript does not support any inference of an improper *ex parte* communication.  The transcript merely shows that, at the very start of the hearing, Justice Kruse asked Defendant McGuire (who does not appear to have been representing a party in the action) to come up to the bench.  *Id.*  There is no indication that the communication related to the litigation at all or was otherwise improper.  It is also unclear whether McGuire has any connection to the litigation.   Further, Defendant McGuire submitted a declaration to this Court, explaining that the communication related to payment of bar dues, and had nothing to do with Alega or the lawsuit.  (ECF No. 79-2 at ¶ 6.)

7

C.     **The Amended Complaint**

Plaintiffs bring suit against Justice Kruse and the Secretary to "stop interference with cleanup of corporate and government pollution on a Alega Marine Protected Area."  While it is not entirely clear, Plaintiffs appear to allege that the "interference" took place in the context of the pending above-described action, HCLT #28-2020.

Specifically, Plaintiffs' allege that, on November 12, 2020, Justice Kruse ordered AST Telecom to clean certain detritus on Alega.  (ECF No. 14 at 11.) Then, at a hearing on March 31, 2021, Justice Kruse called Defendant McGuire to the bench and engaged in an "illegal ex parte communication" in violation of the American Bar Association Judicial Code of Conduct ("ABA Judicial Code").  *Id.* at 12.  Next, Justice Kruse "change[d] his position" and ordered that there would be "no clean up of pollution."  *Id.*

It is unclear what order Plaintiffs are referring to.  However, Plaintiffs have brought suit against the Justice Kruse and the Secretary[9] to seek an injunction stopping Justice Kruse from interfering with the clean up of Alega, *id.* at 26-27,

---

[9] Plaintiffs do not take any issue with the Secretary's conduct.  Instead, they seek "to compel her to . . . coerce [Justice Kruse] to stop interfering with the cleanup [of Alega]." ECF No. 14 at 26-27.  Thus, there is no apparent basis for any individual capacity claim against the Secretary.  *Ministerio Roca Solida v. McKelvey*, 820 F.3d 1090, 1093-96 (9th Cir. 2016) (if equitable relief sought requires official government action, an individual capacity claim cannot provide such relief).

and also seeking $200,000 in damages from Justice Kruse for interfering with the cleanup.  *Id.* at 27.

Plaintiffs further allege that the Faamuli Plaintiffs have certain land rights to Alega, ECF No. 14 at 28, the issue that is currently pending before the OSA and the basis for the stay of HCLT #28-2020 and HCCA #03-2021.  Plaintiffs seek a declaration granting the Faamuli Plaintiffs land rights.  It is unclear how the Secretary or Justice Kruse are implicated by such claims or in such relief.

### D.    The Motion for TRO

On May 19, 2021, Plaintiffs filed a Motion for TRO, seeking:

- A declaration that the Faamuli Plaintiffs have land rights to Alega; and
- An injunction preventing Justice Kruse and Defendant McGuire from "interfering with the cleanup of pollution" on Alega.

(ECF No. 17 at 25.)

On May 19, 2021, at the request of the Court, Plaintiffs filed a Supplemental Memorandum, setting forth the legal bases for their claims.  (ECF No. 33.) Plaintiffs assert that the basis for their claims against the Federal Defendants are (1) the ABA Judicial Code; (2) "interference with cleanup of pollution on the beach habitat of endangered and threatened Green and Hawksbill turtles on the private Alega Marine Protected Area. . . and therefore are in association with violations of the Endangered Species Act"; (3) 28 U.S.C. §§ 351-364; and (4) *ex parte* communication in violation of Plaintiffs' due process rights, pursuant to 42

U.S.C. § 1983.[10]  (ECF No. 33 at 9-10.)

## III.   STANDARDS OF REVIEW FOR DISMISSAL

### A.   Dismissal Pursuant to Rule 12(b)(1)

Where subject matter jurisdiction is lacking, dismissal pursuant to Rule 12(b)(1) is proper.  *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Federal courts have limited jurisdiction, so it is "presumed that a cause lies outside [the] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).  A challenge to a court's subject matter jurisdiction may be facial or factual.  In a facial attack, the Court must accept the factual allegations in plaintiff's complaint as true.  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).  In a factual attack, the challenger can contest the plaintiff's factual allegations by introducing evidence outside the pleadings.  *Id.*

### B.   Dismissal Pursuant to Rule 12(b)(2)

On a motion to dismiss for lack of personal jurisdiction, pursuant to Fed. R.

---

[10] Except for the ABA Judicial Code, all the legal bases were first raised in the Supplemental Memorandum, and thus, are not properly before the Court. *Diamond S.J. Enter. v. City of San Jose*, No. 18-CV-01353-LHK, 2018 WL 5619746, at *6 (N.D. Cal. Oct. 29, 2018) (cannot amend complaint through briefing).  However, Federal Defendants respond to each of these purported bases to preserve all rights.

Civ. P. 12(b)(2), the plaintiff bears the burden of establishing that jurisdiction is proper. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). Although the court must take uncontested facts in the complaint as true, it may not assume the truth of those that are contradicted by affidavit. *Paige v. Pulse Bev. Corp.*, No. CV 16-00090 ACK-RLP, 2017 WL 11139681, at *2 (D. Haw. Nov. 9, 2017). Further, "'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Id.* .

### C.   Dismissal Pursuant to Rule 12(b)(6)

Dismissal for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), is appropriate "where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires a plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a 12(b)(6) motion, a court must accept as true all allegations of material fact, but is not those that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d

11

979, 988 (9th Cir. 2001). Determining the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Chavez v. United States*, 683 F.3d 1102, 1109 (9th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679).

## IV.   ARGUMENT

Plaintiffs apparently seek this Court to intervene in matters pending in the High Court, related to the clean up of, and land rights to, Alega.  Plaintiffs' claims against the Federal Defendants fail on several grounds, and Plaintiffs have not shown entitlement to a TRO.

### A.   Plaintiffs' Amended Complaint Should Be Dismissed

#### 1.   Plaintiffs Lack Standing

As a threshold matter, Plaintiffs' claims against the Federal Defendants must be dismissed because Plaintiffs lack Article III standing to sue.  A party invoking a federal court's jurisdiction bears the burden of establishing his standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).  To satisfy this burden, Plaintiffs must establish an "injury in fact," consisting of "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560 (internal citations and quotation marks omitted).  Second, Plaintiffs must demonstrate the existence of "a causal connection between the injury and the conduct complained of[.]'" *Id.* (internal

alteration marks omitted).  Finally, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'"  *Id.* at 561 (internal citation omitted).

First, Plaintiffs fail to establish an injury in fact.  Plaintiffs' vague reference to "interference" with the clean-up of pollution is insufficient to identify an injury in fact.  It is unclear what Plaintiffs view as interference, or how that interference is causing concrete and particularized harm to Plaintiffs. There does not appear to be any order preventing the clean-up of Alega.  Instead, it appears that the issue of the clean-up of Alega is still pending before the High Court in HCLT #28-2020.

Second, Plaintiffs fail to establish causation.  There is no causal link between the alleged *ex parte* communication (the conduct complained of) and the supposed injury (interference with the clean-up of Alega).  Plaintiffs have not presented any evidence, nor any plausible theory, as to how the supposed *ex parte* communication (or any other conduct by the Federal Defendants) caused any harm. To the contrary, Defendant McGuire has submitted a declaration and supporting evidence, stating the communication was wholly unrelated to the Alega matter, and instead related to the payment of bar membership fees.[11]  (ECF No. 79-2 at ¶ 6.).

---

[11] Further, to the extent Plaintiffs allege some injury related to land rights (in part, they seek a declaration finding that the Faamulis have the right to administer Alega), the relief sought by Plaintiffs appears to be attenuated from any alleged misconduct by the Federal Defendants.  Moreover, as Plaintiff Hueter is merely a resident of Alega (and does not purport to have any land rights), he lacks standing

Finally, it is unclear how the alleged injuries will be redressed by a favorable decision of this Court.  Plaintiffs do not contend that the Federal Defendants are responsible for the pollution or clean-up of any pollution or identify how they are "interfering."  Instead, the clean-up of pollution appears to be the subject of a different actions filed in this Court and pending in the High Court.  A ruling against the Federal Defendants cannot result in the relief Plaintiffs seek.

### 2.     This Court Lacks Personal Jurisdiction Over Justice Kruse

Dismissal is also proper because this Court lacks personal jurisdiction over Justice Kruse.  To exercise personal jurisdiction over a non-resident defendant, the defendant must have at least "minimum contacts" with the relevant forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945).[12]

"For general jurisdiction to exist over a nonresident defendant . . . the defendant must engage in continuous and systematic general business contacts, that approximate physical presence in the forum state."  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (internal quotations and

---

to bring such a claim.  Further, Plaintiff Heuter is not a party to HCLT #28-2020.  Thus, it is unclear how he could be injured by the supposed *ex parte* communication.

[12] Hawaii's long arm statute is coextensive with federal due process requirements.  *Han v. Yangrai Cho*, No. CV 18-00277 HG-KJM, 2019 WL 1300070, at *2 (D. Haw. Mar. 21, 2019), *aff'd sub nom. Han v. Cho*, 804 F. App'x 864 (9th Cir. 2020).

citations omitted).  Here, Justice Kruse lives in American Samoa and all of his work is conducted in American Samoa.  *See* Ex. "I" ¶ 3 to Spector Decl.  Thus, this Court lacks general jurisdiction over Justice Kruse.

To exercise specific jurisdiction over Justice Kruse, among other requirements, the claims must arise out of Hawaii-related activities.  *Barlow*, 2019 WL 5929736, at *7 n.11 (referencing Hawaii's long arm statute, Haw. Rev. Stat. § 634-65); *see also Schwarzenegger*, 374 F.3d at 802 (setting forth a three-part test for specific jurisdiction).  Plaintiffs' claims wholly relate to activity that occurred in American Samoa, which are entirely unrelated to Hawaii.  *See, e.g.,* ECF No. 14 at 14 (events giving rise to the claim occurred in American Samoa).

Further, there is no indication that Chief Justice Kruse "purposefully direct[ed] his activities" at the District of Hawaii or its residents, nor is there any indication that he "purposefully avail[ed] himself of the privilege of conducting activities" in the District of Hawaii.  *Schwarzenegger*, 374 F.3d at 802; *see also* Ex. "I" ¶ 3 to Spector Decl. (all work by Justice Kruse occurs in America Samoa).  Thus, this Court lacks personal jurisdiction over the claims against Justice Kruse.

### 3.    Abstention is Proper

Even if the various jurisdictional, and other deficiencies, did not exist, this Court should abstain from exercising jurisdiction over this case.  The *Younger* abstention doctrine applies, and requires dismissal, if the following requirements

15

are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates

important state interests; (3) the federal plaintiff is not barred from litigating

federal constitutional issues in the state proceeding; and (4) the federal court action

would enjoin the proceeding or have the practical effect of doing so, i.e., would

interfere with the state proceeding in a way that *Younger* disapproves. *San Jose*

*Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*,

546 F.3d 1087, 1092 (9th Cir. 2008).

Although it is unclear how Justice Kruse is "interfering with" the clean-up of

Alega, Plaintiffs appear to be pointing to some interlocutory ruling in HCLT #28-

2020, an ongoing proceeding in the territorial court.  The proceeding implicates

important state interests in that the determination of land rights in Alega is of

special interest to American Samoan court system, which has specific procedures

to address American Samoa's unique system of land rights.  *See, e.g.,* A.S.C.A.

§ 43.0202.  To the extent Plaintiffs raise a constitutional claim (although such a

constitutional claim does not appear to be the focus of their allegations), they may

raise the claim in the American Samoan proceeding.  Finally, the rulings sought by

Plaintiffs would usurp power from American Samoan court system, in a way

*Younger* disapproves. *See Davies v. Doi,* CV. NO. 08-00548 DAE-LEK, 2009 WL

1561579, at *4 (D. Haw. June 2, 2009) (abstention appropriate where plaintiffs

sought injunctive relief against state court judge).   Plaintiffs should not be

16

permitted to forum shop and collaterally attack an interlocutory decision of the territorial court, especially where the territorial court provides an appropriate venue to decide Plaintiffs' arguments.[13]  Thus, the *Younger* abstention doctrine supports the dismissal of this action.

### 4.  Plaintiffs Fail to State a Claim for Which Relief Can Be Granted

Plaintiffs' Supplemental Memo (ECF No. 33) argues the bases for their claims against the Federal Defendants are (1) *ex parte* communication in violation of Plaintiffs' due process rights, pursuant to 42 U.S.C. § 1983; (2) violation of the ABA Judicial Code; (3) interference with the cleanup of pollution, in association with violations of the Endangered Species Act; (4) and 28 U.S.C. §§ 351-364.

All of the claims relate to Justice Kruse's official conduct in connection with him presiding over proceedings pending in HCLT #28-2020.  Even if the claims were jurisdictionally proper, which is far from clear, they still fail.

### a.  Plaintiffs' Section 1983 claim fails.

Plaintiffs point to 42 U.S.C. § 1983 as a basis for their claims against Justice

---

[13] Insofar as Plaintiffs challenge a final judgment of the High Court, the *Rooker-Feldman* doctrine provides that federal courts lack subject matter jurisdiction over a case that is a *de facto* appeal of a final state court judgment.  *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003); *Lyons v. Pac. Cnty. Clerk,* NO. C19-5059RBL, 2019 WL 1620407, at *2–3 (W.D. Wash. Apr. 16, 2019), *aff'd*, 804 F. App'x 824 (9th Cir. 2020).  Additionally, to the extent this Court has concurrent jurisdiction over action, abstention is proper pursuant to the *Colorado River* abstention doctrine, which promotes "[w]ise judicial administration."  *Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976).

Kruse.  Specifically, Plaintiffs allege that Justice Kruse violated their due process rights by having an *ex parte* communication with another individual during a hearing in HCLT #28-2020.

Section 1983 provides:

> Every ***person*** who, under color of any statute, ordinance, regulation, custom, or usage, of any . . . ***Territory*** . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, ***except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.***

42 U.S.C. § 1983 (emphases added).

While it is true that Justice Kruse was acting under territorial law, Plaintiffs' Section 1983 claim against him is not viable for several reasons.  ***First***, to the extent Plaintiffs bring a claim against Justice Kruse in his "official capacity," the claim would be viewed as a claim against "American Samoa," and American Samoa is not a "person" for the purposes of Section 1983.  *Majhor*, 518 F. Supp. 2d 221 (American Samoan officers acting in their official capacities are not subject to suit under Section 1983).[14]

---

[14] Although Plaintiffs do not appear to be bringing a Section 1983 claim against the Secretary, such a claim is barred by sovereign immunity.  "Section § 1983 does not

***Second***, to the extent Plaintiffs bring a Section 1983 claim against Justice Kruse in his individual capacity, judicial immunity bars suit.  While it is not entirely clear, Plaintiffs appear to seek an injunction "preventing [Justice Kruse] from interfering with the cleanup of pollution on the land or in waters of [Alega]." (ECF No. 17 at 25.)  Section 1983 expressly immunizes judicial officer against suits for injunctive relief, unless a declaratory decree was violated or declaratory relief unavailable.  42 U.S.C. § 1983; *Yellen v. Hara*, No. CIV. 15-00300 JMS, 2015 WL 4877805, at *5 (D. Haw. Aug. 13, 2015).  Here, no declaratory relief was violated.  Further, declaratory relief for judicial actions are ordinarily available only by appealing the judge's order.  *Id.; see also Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922-23 (9th Cir. 2004) (judges entitled to absolute immunity from § 1983 liability for acts directly related to their adjudicatory function).  Here, if Plaintiffs are dissatisfied with a ruling in HCLT #28-2020, they may appeal the final decision to the Appellate Division of the High Court.  A.S.C.A. § 3.0208(c). Plaintiffs should not be permitted to circumvent the appeal process.[15]

***Third,*** even if the suit was not barred by judicial immunity, Plaintiffs do not

---

waive sovereign immunity of the United States, its agencies, and federal officials in their official capacities."  *Lyndon v. United States*, Civil No. 20-00034 JMS-RT, 2020 WL 3405530, at *5 (D. Haw. June 19, 2020).

[15] Moreover, it is unclear how Plaintiffs can state a claim against Justice Kruse "in his individual capacity" based on a judicial action, where the relief sought appears to be some sort of ruling in connection with HCLT #28-2020.

19

identify a constitutional violation.  Plaintiffs do not plausibly allege that an *ex parte* communication violated their constitutional rights, or even related to, Alega. An *ex parte* communication, without more, does not establish a violation of due process.  *See Lachapelle v. City of El Cajon*, 142 F.3d 444 (9th Cir. 1998). Plaintiffs claim that, after the *ex parte* communication on March 31, 2021, they received an adverse ruling preventing the clean-up of Alega.  But, there is no showing that any *ex parte* communication played a role in an ensuing adverse decision.  Moreover, it is unclear what ruling Plaintiffs take issue with or how Justice Kruse is "preventing" the clean-up of Alega.  Thus, Plaintiffs' Section 1983 claim must be dismissed.

> **b.     Plaintiffs' claim for violation of the ABA Judicial Code of Conduct fails.**

Plaintiffs also allege that Justice Kruse violated the ABA Judicial Code by engaging in "ex parte" communication with Defendant McGuire.  First, the ABA Judicial Code is not legally binding upon Justice Kruse, an Article IV judge. Further, the ABA Judicial Code does not give rise to a private cause of action.[16]

---

[16] *See* ABA Judicial Code, Scope, at 7 ("The Code is not designed or intended as a basis for civil . . . liability. Neither is it intended to be the basis for litigants . . . to obtain tactical advantages in proceedings before a court.") (available at https://www.americanbar.org/content/dam/aba/administrative/professional_responsibility/2011_mcjc_preamble_scope_terminology.pdf); *cf. Church of Scientology Int'l v. Kolts*, 846 F. Supp. 873, 882 (C.D. Cal. 1994) (no private right of action under Judicial Code applicable to U.S. judges).

Moreover, Plaintiffs' conclusory allegations regarding the supposed improper nature of the communication between Defendant McGuire and Justice Kruse are implausible.[17]  Plaintiffs' ABA Judicial Code claims must be dismissed.

### c.  Plaintiffs fail to state a claim under 28 U.S.C. § 351.

Plaintiffs also fail to state a claim for violation of 28 U.S.C. § 351, *et seq.* That statute provides the procedure for filing a complaint of judicial misconduct by a federal judge and, as an initial matter, has no applicability under the circumstances of this case.  *See Hill v. Hawks*, Civ. A. No. 12-364, 2012 WL 12905803, at *2 (E.D. Va. Aug. 30, 2012), *aff'd*, 515 F. App'x 234 (4th Cir. 2013) ("Nor do the other possible sources of jurisdiction referenced by Plaintiff in her narrative Complaint provide a valid basis for jurisdiction.  28 U.S.C. § 351 provides that complaints about federal judges may be filed in the court of appeals for the circuit in which the judge sits.  Judge Hawks is not a federal judge, and this Court is not an appellate court; so the statute has no applicability to Plaintiff's claims."); *Meaamaile v. Am. Sam.*, 550 F. Supp. 1227, 1235 (D. Haw. 1982) (recognizing that American Samoa courts are not Article III courts).

Moreover, the filing of a complaint under § 351 does not entitle the

---

[17] Defendant McGuire submitted a declaration with supporting evidence stating that the conversation dealt with payment of bar dues and had nothing to do with Alega or the lawsuit.  (ECF No. 79-2 at ¶ 6.)  Although not properly considered on a motion to dismiss under 12(b)(6), the declaration undermines any showing with respect to a due process violation with regards to Plaintiffs' Motion for TRO.

complainant to any individual relief.  *Ponton v. U.S. Ct. of Appeals*, No. CIV. 10-2213-JBS, 2011 WL 1045035, at *3 (E.D. Pa. Mar. 22, 2011) (citing 28 U.S.C. §§ 354-355 (authorizing particular actions by Judicial Council or Judicial Conference in response to complaint of misconduct)).  Thus, Plaintiffs cannot state a claim pursuant to 28 U.S.C. § 351, *et seq.*

### d.    Plaintiffs' Endangered Species Act claim fails.

To the extent Plaintiffs reference an "association with" violations of the Endangered Species Act ("ESA")[18], Federal Defendants do not interpret this action as alleging an ESA claim.   The ESA is the subject of a different action filed by Plaintiffs in this Court, Case No. 21-00207.

However, to the extent Plaintiffs attempt to allege an ESA claim against Justice Kruse and/or the Secretary, such a claim fails.  First, it is jurisdictionally deficient because Plaintiffs failed to provide the 60-day notice required by 16 U.S.C. § 1540(g) prior to filing a citizen suit.  *Sw. Ctr. for Biological Diversity v. U.S. Bureau of Reclamation*, 143 F.3d 515, 520 (9th Cir. 1998) (dismissing action for lack of jurisdiction); *see also Klamath-Siskiyou Wildlands Ctr. v. MacWhorter*, 797 F.3d 645, 647 (9th Cir. 2015).  Further, Plaintiffs' allegations do not identify any "agency action" by Justice Kruse or the Secretary that violates the ESA.  *See*

---

[18] Similar to the due process allegation, this allegation was first raised in the Supplemental Memorandum (ECF No. 33 at 10).  Failure to raise this claim in the Amended Complaint alone is reason for dismissal.

*also* 16 U.S.C. § 1536(a)(2) (defining agency action under the ESA); 50 C.F.R. § 402.02 (same).  Even if Plaintiffs were to attempt to bring an ESA claim based on a supposed failure of Justice Kruse or the Secretary to require the cleanup of pollution, such a claim does not give rise to an ESA action against the government. *See Salmon Spawning & Recovery All. v. Ahern,* No. C05-1878Z, 2010 WL 890047, at *3 (W.D. Wash. Mar. 9, 2010) ("The alleged failure of Customs and FWS to enforce the salmon import ban does not constitute agency action within the meaning of ESA Section 7(a)(2)."); *see also Karuk Tribe of Cal. v. U.S. Forest Serv.*, 681 F.3d 1006, 1021 (9th Cir. 2012) (the duty to consult is triggered only if "a federal agency affirmatively authorized, funded, or carried out the underlying activity" that affects listed species).  Thus, Plaintiffs' ESA claims fail.

### e. *King v. Morton* does not provide a basis for Plaintiffs' claims against the Secretary.

This Court lacks jurisdiction over the claims against the Secretary.[19]  In *King v. Morton*, the D.C. Circuit Court held that it had jurisdiction over a claim against the Secretary for the purpose of judging the Secretary's administration of the government of American Samoa by constitutional standards and could order the Secretary to take action to correct constitutional deficiencies.  520 F.2d at 1144.

---

[19] Additionally, the Amended Complaint does not allege any individual actions by the Secretary that personally harmed Plaintiffs. Thus, the individual capacity claims necessarily fail.

23

Here, the Amended Complaint does not allege a violation of any constitutional right.  Further, the *King* court specifically stated that the plaintiff had exhausted his claim by appealing to the highest court in American Samoa.  *Id.* at 114.  Here, Plaintiffs are attempting to appeal an interlocutory ruling (or force a ruling) by a lower court.  Based on the foregoing, *King v. Morton* does not provide a basis for this Court's jurisdiction over the claims against the Secretary.

### B.   Plaintiffs' Motion for TRO Should Be Denied

A temporary restraining order is "an extraordinary and drastic remedy" and can only be issued if Plaintiffs meet the burden of establishing various factors. *Winter v. NRDC, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).  The plaintiff must show (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.  *Id.* at 20; *see also Yellen*, 2015 WL 4877805, at *3–4 (standard for temporary restraining order same as for preliminary injunction).[20]

First, as discuss *supra* § IV.A., Plaintiffs have virtually no chance of succeeding on the merits of their claims.  To the contrary, the Amended Complaint

---

[20] A TRO may still issue upon a showing that there are "'serious questions going to the merits' – a lesser showing than likelihood of success on the merits," if the "balance of hardships tips sharply in the plaintiff's favor," and the other two *Winter* factors (irreparable harm and public interest) are satisfied.  *All. For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

should be dismissed.  This alone is fatal to Plaintiffs' Motion for TRO.

Second, Plaintiffs fail to establish irreparable harm.  Here, the relief Plaintiffs seek relates to the determination of land and water rights in Alega and the supposed interference with the cleanup of pollution in Alega.  The first issue is currently being determined in accordance with the procedure set forth in A.S.C.A. § 43.0302.  On the latter issue – interference with the cleanup of pollution at Alega – it is unclear how Plaintiffs are 'interfering.'  It appears that Plaintiffs may be pointing to the stay in HCLT #28-2020, pending the determination of the land ownership issue.  However, there does not appear to be any order that prevents the clean-up of any pollution.  Moreover, if Plaintiffs object to any final decision, they may appeal to the Appellate Division of the High Court.  Thus, there is an adequate remedy at law by appeal.  *See Yellen*, 2015 WL 4877805, at *6; *Davies*, 2009 WL 1561579 (denying motion for declaratory relief as to judicial act).

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for TRO (ECF No. 17) should be denied, and the Amended Complaint (ECF No. 14) dismissed.

/ /

/ /

/ /

/ /

DATED: July 16, 2021 at Honolulu, Hawaii.

JUDITH A. PHILIPS
Acting United States Attorney
District of Hawaii


/s/ Sydney Spector
By_____
SYDNEY SPECTOR
Assistant U.S. Attorney


Attorneys for Federal Defendants

26