IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEVEN JAY PINCUS HUETER, AKA TAO, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> LEALAIALOA FRITZ MICHAEL KRUSE, ET AL., <br><br> Defendants. | CIV. NO. 21-00226 JMS-KJM <br><br> ORDER REQUIRING FURTHER SUPPLEMENTAL BRIEFING |

## ORDER REQUIRING FURTHER SUPPLEMENTAL BRIEFING

### I.  INTRODUCTION AND BACKGROUND

In this case, pro se Plaintiffs Steven Jay Pincus Hueter, Faamuli Pete Faamuli, and Michael "Candyman" Kirk ("Plaintiffs") bring—among other claims—a 42 U.S.C § 1983 cause of action alleging that Lealaialoa Fritz Michael Kruse, the Chief Justice of the High Court of American Samoa, violated their right to due process.  ECF No. 14.  On June 30, 2021, the United States entered an appearance on behalf Justice Kruse.  ECF No. 55.  And on July 16, 2021, the United States filed a Motion to Dismiss, ECF No. 85, arguing, among other things, that the court lacks personal jurisdiction over Justice Kruse under Hawaii's long-arm statute, Hawaii Revised Statutes § 634-35, ECF No. 85-1 at PageID ## 1095-

96. Plaintiffs filed their Opposition to the Motion to Dismiss on August 8, 2021. ECF No. 127.

In these filings, neither Plaintiffs nor the United States addressed the possibility of nationwide jurisdiction pursuant to Federal Rule of Civil Procedure 4(k)(2).  Thus, on September 9, 2021, the court issued an Order requesting supplemental briefing on the issue of personal jurisdiction under Rule 4(k)(2). ECF No. 139.  Plaintiffs submitted their Supplemental Brief on September 11, 2021, ECF No. 142, and the United States submitted its Supplemental Brief on September 17, 2021, ECF No. 143.  In these supplemental filings, neither party addressed the peculiarities of American Samoa's status as the only United States' territory that is both unincorporated and unorganized.  Because this unique status is a critical factor in the Rule 4(k)(2) analysis, the court now orders the parties to submit further supplemental briefing on this topic.

## II.  AMERICAN SAMOA'S UNIQUE STATUS

American Samoa is unique among U.S. territories.  Like the other inhabited territories—Guam, the Commonwealth of the Northern Mariana Islands ("CNMI"), Puerto Rico, and the U.S. Virgin Islands—American Samoa is an "unincorporated" territory, meaning that it is subject to the plenary power of Congress and that, other than certain fundamental rights, the United States Constitution does not apply of its own force there.  *See Downes v. Bidwell*, 182

U.S. 244, 279 (1901).[1]  Instead, it is left to Congress to determine which provisions of the United States Constitution apply in the territories.  *Id.*

But Guam, CNMI, Puerto Rico, and the Virgin Islands—unlike American Samoa—are "organized" territories, meaning that Congress has enacted legislation that establishes and delegates certain authority to civilian governments in each of these territories.  *See, e.g.*, 48 U.S.C. § 1421 (Guam); 48 U.S.C. § 1801 (CNMI); 48 U.S.C. § 1541 (U.S. Virgin Islands); 48 U.S.C. § 731 (Puerto Rico).  Through the same legislative acts, Congress has also extended many provisions of the United States Constitution to the organized territories.  *See, e.g.*, *Davis v. Guam*, 2017 WL 930825, at *12 (D. Guam Mar. 8, 2017), *aff'd*, 932 F.3d 822 (9th Cir. 2019) (citing 48 U.S.C. § 1421b(u)).

In contrast, Congress has never enacted analogous legislation for American Samoa, making American Samoa the only inhabited territory that remains "unorganized."  *See Fitisemanu v. United States*, 1 F.4th 862, 875 n.15 (10th Cir. 2021).  This means that Congress has not created or delegated authority to the territorial government in American Samoa.  Instead, "plenary authority" over the territory has been vested in the Secretary of Interior.  *See Corp. of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints v. Hodel*, 830 F.2d 374, 376

---

[1] One of the "fundamental rights" that applies in the unincorporated territories is the right to due process.  *See Balzac v. Porto Rico*, 258 U.S. 298, 312-13 (1922).

(D.C. Cir. 1987) ("*Hodel II*"); Exec. Order. 10264 (vesting the Secretary of Interior with "all civil, judicial, and military powers" of government in American Samoa); *see also Fitisemanu*, 1 F.4th at 875 n.15 (stating that absent organizing legislation, American Samoa is "especially subject to American political control").[2]  In addition, although inhabitants of American Samoa are "entitled under the principles of the Constitution to be protected in life, liberty, and property," Congress has not extended any other constitutional provisions to American Samoa. *Tuaua v. United States*, 788 F.3d 300, 308 (D.C. Cir. 2015) (quoting *Downes*, 182 U.S. at 283).

American Samoa's unique status as an unorganized, unincorporated territory has also produced a unique judicial system within the territory.  Like all territorial courts, the courts of American Samoa are not Article III courts; they were instead established by Congress.  *See, e.g.*, *United States v. Xiaoying Tang Dowai*, 839 F.3d 877, 880 (9th Cir. 2016).  For this reason, territorial courts are sometimes called "Article IV" courts.  *See Meaamaile v. American Samoa*, 550 F. Supp. 1227, 1235 (D. Haw. 1982) ("The courts established for American Samoa are not Article III courts, but, rather, legislative courts created by virtue of the

---

[2] Nevertheless, the people of American Samoa passed a territorial constitution by referendum, which was subsequently approved by the Secretary of Interior.  *Tuaua v. United States*, 951 F. Supp. 2d 88, 90 (D.D.C. 2013).  Further amendment of the American Samoa Constitution requires both approval of the Secretary of Interior and an act of Congress.  *Id.*

general right of sovereignty which exists in the government and by virtue of Article IV, Section 3, Clause 2 of the United States Constitution, which enables Congress to make all needful rules and regulations respecting the territory belonging to the United States.").

Congress has established federal judicial districts and federal district courts in each organized territory and has delegated broad judicial power to those territorial courts. *See* 48 U.S.C. § 1424 (Guam); 48 U.S.C. § 1821 & 1 C.M.C. § 3202 (CNMI); 48 U.S.C. §§ 1611-12 (U.S. Virgin Islands); 28 U.S.C. § 119 & 4 L.P.R.A. § 121 (Puerto Rico). American Samoa, in contrast, is the sole territory that does not have a federal court and is not part of any federal judicial district. *See United States v. Lee*, 472 F.3d 638, 645 (9th Cir. 2006). And while the High Court of American Samoa is the territory's "court of general jurisdiction," A.S.C. § 3.0208, it has only "limited" jurisdiction to hear matters of federal law. *Star-Kist Samoa, Inc. v. M/V Conquest*, 1987 A.M.C. 1967, 1969 (1986) (describing the High Court as a "court of discrete and limited jurisdiction"); *see also* Government Accountability Office, American Samoa: Issues Associated with Some Federal Court Options at 14 (2008) [hereinafter "GAO Report"] ("Despite the absence of a federal court in American Samoa, federal law provides that the local court—the High Court of American Samoa—has limited federal civil jurisdiction. . . . In particular, federal law has explicitly granted the High Court of American Samoa

federal jurisdiction for certain issues, such as food safety, protection of animals, conservation, and shipping issues.").[3]

Congress has delegated authority the High Court to adjudicate federal questions under certain statutes. *See, e.g.*, 46 U.S.C § 31301(2)(E); 29 U.S.C. § 653; 7 U.S.C. § 136(i); 7 U.S.C. § 2146(c).[4] But there may be no court in American Samoa with subject-matter jurisdiction over certain federal claims where Congress has not delegated such authority to the High Court. *See, e.g., Star-Kist Samoa*, 1987 A.M.C. at 1969. And because there is no federal judicial district in American Samoa, there is no possibility to remove federal cases from the High Court to a federal forum. There is also no right of appeal to a federal appellate court or to the U.S. Supreme Court from an American Samoa court ruling. *See* Michael W. Weaver, *The Territory Federal Jurisdiction Forgot*, 17 Pac. Rim L. & Pol'y J. 325, 351 (2008).

Finally, because American Samoa is an unorganized territory, the judicial branch, like the rest of American Samoa's government, remains under the

---

[3] The GAO Report was prepared for Congress to address "American Samoa's system for addressing matters of federal law." GAO Report at 1. The court takes judicial notice of the report as a matter of public record. *See United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011).

[4] In other cases, Congress has created a forum for adjudication of federal claims arising in American Samoa in certain U.S. judicial districts. For example, for the purposes of the Endangered Species Act, American Samoa is "included within the judicial district of the District Court of the United States for the District of Hawaii." 16 U.S.C. § 1540(c).

plenary authority of the Secretary of Interior.  As such, the Secretary "appoint[s] a Chief Justice of American Samoa and such Associate Justices as he may deem necessary" and may remove them for cause.  Am. Samoa Const. Art. III, § 3.  The Secretary also has the power to review and overturn High Court decisions.  *Corp. of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints v. Hodel*, 637 F. Supp. 1398, 1410 (D.D.C. 1986) ("*Hodel I*"), *aff'd* 830 F.2d 374.

### III.  JURISDICTIONAL ISSUES

In this case, American Samoa's singular status as an unorganized, unincorporated territory raises complex and interconnected jurisdictional issues.  In particular, American Samoa's unique status may complicate application of Federal Rule of Civil Procedure 4(k)(2), commonly known as the Federal Long-arm Statute.  Rule 4(k)(2) provides that any U.S. district court may exercise personal jurisdiction over a defendant when "(1) the action arises under federal law, (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and (3) the court's exercise of jurisdiction comports with due process."  *Ayla v. Alya Skin*, 11 F.4th 972, 978 (9th Cir. 2021); *see also* Fed. R. Civ. P. 4(k)(2).  Here, application of Rule 4(k)(2) turns in large part on the meaning of the second requirement—that the defendant must not be subject to jurisdiction in any "state's courts of general jurisdiction."  In its Supplemental Brief, the United States takes the position that this requirement is not satisfied because Justice Kruse is subject to

7

the jurisdiction of the High Court of American Samoa. The United States asserts that the High Court is a court of general jurisdiction, "competent to apply federal law." ECF No. 143 at PageID # 2170. But contrary to the United States' assertion, the High Court—as it has itself recognized—has circumscribed authority to adjudicate questions of federal law. *See Star-Kist Samoa,* 1987 A.M.C. at 1969. It thus remains unclear whether the High Court may be considered a "state's court of general jurisdiction" for the purpose of Rule 4(k)(2). *See CytoSport, Inc. v. Cytogenix Sports Labs., SRL*, 2010 WL 5418883, at *4 (E.D. Cal. Dec. 23, 2010); *see also Security Pacific Nat. Bank v. M/V Conquest*, 1987 A.M.C. 1974 (1987).[5]

In evaluating this question, a relevant factor appears to be whether the High Court can exercise jurisdiction over a § 1983 claim—the specific federal claim brought against Justice Kruse in this case.[6] It is well-settled that state courts

---

[5] In addressing this prong of the Rule 4(k)(2) test, some courts have considered only whether a state's court can exercise personal jurisdiction. *See, e.g.*, *United States v. Swiss Am. Bank, Ltd.*, 191 F.3d 30, 39 (1st Cir. 1999) ("[W]e nonetheless consider it pellucid that Rule 4(k)(2)'s reference to defendants who are 'not subject to the jurisdiction . . .' refers to the absence of personal jurisdiction."). When considering the jurisdiction of a *state* court, this sole focus on personal jurisdiction is sensible because there is no question that some court in the forum may assume jurisdiction over the case. But when applying Rule 4(k)(2) in the unique situation of a federal claim arising in American Samoa, an analysis that *only* considers personal jurisdiction could result in a situation where no court has *both* personal and subject-matter jurisdiction over a federal claim. *See* GAO Report at 2. And no court having jurisdiction over a § 1983 claim arising in American Samoa would clearly undermine congressional intent that the statute cover territories as well as states.

[6] Without engaging in any analysis, the High Court has assumed that it has jurisdiction over § 1983 claims. *See, e.g.*, *Bartolome v. JKL, Inc.*, CA No. 30-08 (Trial Div. June 21, 2012); *Vergara v. Am. Samoa Gov't*, CA No. 86-11 (Trial Div. Feb. 9, 2012); *McKenzie v. Leiato, et al.*, 27 A.S.R. 2d 63 (1994); *Banks v. Am. Samoa Gov't*, 4 A.S.R. 2d 113 (1987); *Ferstle v. Am.*

have concurrent authority with federal courts to hear § 1983 claims. *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990) ("Under [our] system of dual sovereignty, we have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States."). And in the organized territories, it is clear that at least some court has jurisdiction over § 1983 claims. In contrast, the Supreme Court has determined that tribal courts lack jurisdiction over § 1983 claims because they are not "courts of general jurisdiction" and "no provision in federal law provides for tribal-court jurisdiction over § 1983 actions." *Nevada v. Hicks*, 533 U.S. 353, 367-68 (2001).[7]

But the situation in American Samoa is yet again different. The "limited" federal jurisdiction of the High Court creates some ambiguity regarding its exercise of jurisdiction over § 1983 claims. The plain language of § 1983 demonstrates that the statute applies in the territories—it authorizes plaintiffs to pursue relief against "every person" who, acting under color of "State or Territory" law, caused a deprivation of the plaintiffs' civil rights. This may be sufficient to infer that the High Court possesses concurrent jurisdiction. *See Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 478 (1981) ("In considering the propriety of

---

*Samoa Gov't*, 4 A.S.R. 2d 160 (1987) (cases available at https://new.asbar.org/legal-resources/cases/).

[7] Whether the High Court may exercise jurisdiction over a § 1983 claim may also be of relevance to the *Younger* abstention argument raised by the Government. *See* ECF No. 85-1 at PageID # 1097.

state-court jurisdiction over any particular federal claim, the Court begins with the presumption that state courts enjoy concurrent jurisdiction" which can only be rebutted "by an explicit statutory directive, by unmistakable implication from legislative history, or by a clear incompatibility between state-court jurisdiction and federal interests."); *Haywood v. Drown*, 556 U.S. 729, 735 (2009). Concurrent jurisdiction is in part predicated on the Supremacy Clause, which establishes that "[t]he laws of the United States are laws in the several States, and just as much binding on the citizens and courts thereof as the State laws are." *Claflin v. Houseman*, 93 U.S. 130, 136 (1876). The same logic arguably applies to American Samoa, given that the unincorporated territories are "within the power and jurisdiction of the United States." *Downes*, 182 U.S. at 366. Such an inference would accord with the remedial purpose of § 1983, particularly because if the High Court did not have jurisdiction, there would be no forum in American Samoa for American Samoan plaintiffs to bring federal civil rights claims.[8]

On the other hand, because American Samoa "belongs to" but is not "part of" the United States, it is not clear that the Supremacy Clause applies in the same way—indeed, absent organizing legislation, most provisions of the United States Constitution do not apply in American Samoa at all. *Downes*, 182 U.S. at

---

[8] In addition, the federal statutes under which Congress has delegated jurisdiction to the High Court are generally statutes over which the federal courts otherwise retain exclusive, rather than concurrent, jurisdiction.

10

279, 287, 342; *Fitisemanu*, 1 F.4th at 869-70.  In addition, the presumption of concurrent jurisdiction is, in part, grounded in the dual sovereignty of the states and the federal government.  *See Tafflin*, 493 U.S. at 458 ("[S]tate courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States.").  It is not clear that this same presumption would necessarily apply to the High Court, because American Samoa is not considered to be possessed of inherent sovereignty.  *See Puerto Rico v. Sanchez Valle*, 136 S. Ct. 1863, 1873 (2016).  Also relevant is the fact that state court adjudication of federal rights is "subject always to review . . . [by the Supreme] Court," *Gulf Offshore Co.*, 453 U.S. at 478 n.4, whereas the High Court's decisions are not.  Additionally, because American Samoa is the only inhabited United States jurisdiction that is not part of a federal judicial district, there would be no possibility for a defendant to remove a § 1983 claim from the High Court to federal court.  *See Hicks*, 533 U.S. at 367.

    The parties in this case have yet to address how American Samoa's unique status as an unorganized, unincorporated territory factors into the Rule 4(k)(2) analysis.  The parties are therefore ORDERED to submit further supplemental briefing of no more than 20 pages (or 5,000 words) addressing the following questions:

    (1) Is the High Court of American Samoa a "state's court of general jurisdiction" for the purpose of Rule 4(k)(2)?

11

    (2)   Does the High Court of American Samoa have jurisdiction to hear § 1983 claims?[9] If so, how does this affect whether the High Court may be considered a "state's court of general jurisdiction" for the purpose of this case?

In addressing these questions, the parties should address the factors that make American Samoa different from all other United States jurisdictions, including the other inhabited territories.

## IV. <u>CONCLUSION</u>

The parties are ORDERED to submit further supplemental briefing addressing how the jurisdictional limitations of the High Court affect application of Rule 4(k)(2) in this case. Briefs shall be no longer than 20 pages (or 5,000 words). Plaintiffs and the United States are required to submit their briefs by November 12, 2021. Defendant McGuire is not required to submit a brief, but may do so by November 12, 2021.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 20, 2021.



    /s/ J. Michael Seabright
    J. Michael Seabright
    Chief United States District Judge

*Hueter v. Kruse, et al.*, Civ. No. 21-00226 JMS-KJM, Order Requiring Further Supplemental Briefing

---

[9] The court recognizes that if the High Court does have jurisdiction to hear a § 1983 claim, that claim would be limited to laws or constitutional provisions that apply in American Samoa. Here, the § 1983 claim is premised on an alleged violation of Plaintiffs' due process rights, a fundamental right that applies in American Samoa. *See* n.1, *supra*.